UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN FOSTER,

              Plaintiff,

-against-

STATE DEPARTMENT OF NEW YORK,

              Defendant.

24-CV-5734 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his "Fourth Amendment" right to a fair trial and also violated provisions of 18 U.S.C. §§ 241, 242 (ECF 1 ¶ I.) By order dated July 30, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint, which names as Defendant the New York State Department of State ("NYSDOS"). In 2023, Plaintiff initiated an action for damages in New York State Supreme Court, New York County, claiming that Renaissance Equity unlawfully "put [him] out of real property."[1] (ECF 1 at 6.) Although Renaissance Equity allegedly failed to answer the complaint, Judge Gerald Lebovits denied Plaintiff's motion for a default judgment. (*Id.*) According to Plaintiff, Judge Lebovits "wrote some chicken straps talking

---

[1] The Court quotes from the complaint verbatim. All capitalization, spelling, grammar, and punctuation are as in the original unless otherwise indicated.

about how he don't know and something about hearsay, basically asking me for evidence. What are you asking about evidence to a non-rebuttal case." (*Id.*)

Plaintiff filed another motion "with evidence" in state court, but the judge "still acted stupid like he don't understand. So, I said to myself maybe he really is stupid so let me go to his supervisor a higher court." (*Id.*) Plaintiff appealed to Appellate Division, but that court denied his "poor man application" without saying "why they denied" it. (*Id.* at 7.) Plaintiff claims that Judge Lebovits was "defending" Renaissance Equity and "practicing law behind the bench." (*Id.*)

> When the defendant don't answer they are in default, now I am fighting with judges, that's not fair so since they want to fight me I am coming to the federal court where the rule of law is at its highest. What they got to do with this I have been depraved. I'm a poor person because the defendant in the supreme court cause me to lose all my property and they were not contesting it. The judge is contesting it and the appeal judges don't want to get involved but they have a duty to up hold the law. So, I was treated unfairly, also title 18, chapter 13 , section 241 conspiracy against rights and 18, chapter 13 section 242 deprivation of rights under color of law. These so-called justices are employees of the state of New York.

(*Id.*)

Although Plaintiff only names the NYSDOS, he alleges that he has been "harmed" by the actions and "non actions" of Judge Lebovits and the appellate judges (Anil C. Singh, Peter H. Mouilton, Lizbeth Gonzalez, Bahaati E. Pitt-Burke, and Kelly O'Neil Levy). (*Id.* at 7-8.) Plaintiff seeks $ 4 million in damages. (*Id.* at 8.)

## DISCUSSION

### A.  Claims Under 42 U.S.C. § 1983

Because Plaintiff brings this complaint against the NYSDOS, a state agency, and asserts that Defendant violated his constitutional rights, the Court construes the pleading as asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the

3

right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### 1.     The NYSDOS is Immune From Suit for Damages

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the NYSDOS are therefore barred by the Eleventh Amendment and are dismissed.[2]

### 2.     The Judges are Immune from Suit

The only named Defendant in Plaintiff's complaint is the NYSDOS. Even if the Court construed the complaint as asserting claims against the judges who allegedly "harmed" Plaintiff, however, this matter could not proceed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted).

---

[2] The Court notes that the complaint also does not contain facts showing that the NYSDOS had any involvement in the events giving rise to this action. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)).

This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when judges take action "outside" their judicial capacities, or take action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that the trial and appellate judges mentioned in the complaint acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 502 U.S. at 11-12; *Hirsch v. Wade*, No. 21-CV-4147, 2023 WL 112801, at *4 (E.D.N.Y. Jan. 5, 2023) (holding that when a judge issues an order denying an application to proceed as a poor person, he is acting within the scope of his judicial capacity). To the extent Plaintiff seeks money damages from judges for "acts arising out of, or related to, individual cases before them," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against the judges because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

B.  **Claims Under Criminal Statutes**

Plaintiff asserts claims under 18 U.S.C. §§ 241-242, which concern the deprivation of rights under color of law. As Congress did not create a private right of action under these criminal statutes, Plaintiff cannot seek civil remedies regarding under Sections 241 and 242. *See, e.g.*, *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) ("We have noted in the past that there is no private right of action under section 242[.]" (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994))). The Court therefore dismisses Plaintiff's claims under Sections 241 and 242 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  **Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge